**Desiena v Aerco Intl. Inc.**

2023 NY Slip Op 34540(U)

December 27, 2023

Supreme Court, New York County

Docket Number: Index No. 190459/2018

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

NYSCEF DOC. NO. 405

INDEX NO. 190459/2018

RECEIVED NYSCEF: 12/27/2023

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** <u>HON. ADAM SILVERA</u>  *Justice*

**PART**        **13**

------------------------------------------------------------------X

RAYMOND DESIENA,

                 Plaintiff,

- v -

AERCO INTERNATIONAL INC.,BMCE, INC.,IN ITSELF AND AS SUCCESSOR TO UNITED CENTRIFUGAL PUMP CO., CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.,CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM INC.,SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION, CERTAIN-TEED CORPORATION, CRANE CO., DURR MEGTEC, LLC,EATON CORPORATION AS SUCCESSOR-IN-INTEREST TO EATON ELECTRICAL INC. AND CUTLER-HAMMER INC.,ETHYL CORPORATION, FOSTER WHEELER ENERGY CORPORATION, GENERAL ELECTRIC COMPANY, GOSS INTERNATIONAL CORPORATION, HARRIS CORPORATION, HEIDELBERG USA, INC.,INDUSTRIAL HOLDINGS CORPORATION F/K/A THE CARBORUNDUM COMPANY, INGERSOLL-RAND COMPANY, INTERNATIONAL PAPER COMPANY, JOHN CRANE INC.,KELSEY-HAYES COMPANY, MANROLAND GOSS WEB SYSTEMS AMERICAS LLC,METROPOLITAN LIFE INSURANCE COMPANY, MONTALVO CORPORATION, NEXEN GROUP, INC.,INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO HORTON MANUFACTURING COMPANY, INC.,ROCKWELL AUTOMATION INC.,INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ALLEN BRADLEY COMPANY, SCHNEIDER ELECTRIC (USA), INC.,F/K/A SQUARE D COMPANY, UNION CARBIDE CORPORATION, WARNER ELECTRIC LLC,JOHN DOE 1 THROUGH JOHN DOE 75 (FICTITIOUS)

                 Defendant.

------------------------------------------------------------------X

**INDEX NO.**     <u>190459/2018</u>

**MOTION DATE**     <u>10/10/2023</u>

**MOTION SEQ. NO.**     <u>002</u>

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 124, 125, 126, 127, 128, 129, 130, 131, 132, 134, 282, 309, 310, 311, 312, 313, 314, 315, 316, 317, 362, 363

were read on this motion to/for          <u>SUMMARY JUDGMENT(AFTER JOINDER</u> .

**190459/2018  DESIENA, RAYMOND vs. AERCO INTERNATIONAL INC.**
**Motion No.  002**

Page 1 of 6

1 of 6

[* 1]

Upon the foregoing documents, it is ordered that the instant motion for summary judgment seeking dismissal of this action, pursuant to CPLR §3212, is denied for the reasons set forth below.

Here, defendant Heidelberg USA, Inc. moves for summary judgment to dismiss this action on the grounds that plaintiff-decedent, Raymond Desiena ("Mr. Desiena") did not establish exposure to asbestos from his work on Heidelberg-brand printing presses as an operator and pressman on printing presses from approximately the mid-1960s-1980s. *See* Defendant Heidelberg USA, Inc.'s Memorandum of Law in Support of its Motion for Summary Judgment, p. 2.

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853.

Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-*

**190459/2018  DESIENA, RAYMOND vs. AERCO INTERNATIONAL INC.**
**Motion No. 002**

**Page 2 of 6**

[* 2]

2 of 6

*Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted). As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department has held that on a motion for summary judgment, it is moving defendant's burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

The appropriate standard at summary judgment for moving defendant Heidelberg can be found in *Dyer v Amchem Products Inc.*, 207 AD3d 408, 409 (1st Dep't 2022). In *Dyer*, defendants were granted summary judgment not by "simply argu[ing] that plaintiff could not affirmatively prove causation" but by "affirmatively prov[ing], as a matter of law, that there was no causation." *Id.* The Appellate Division, First Department, recently affirmed this Court's decision in *Sason v Dykes Lumber Co., Inc., et. al.,* 2023 NY Slip Op 05796 (1st Dep't 2023), stating that "the parties' competing causation evidence constituted the classic 'battle of the experts'" sufficient to raise a question of fact, and to preclude summary judgment.

Here, moving defendant's motion relies primarily upon challenging Mr. Desiena's testimony as insufficient to identify asbestos exposure from Heidelberg printing presses, along with the affidavit of their corporate representative, Shawn McDougall. *See id.* at p. 5-6. Mr. McDougall's affidavit states generally, based upon his personal knowledge and review of company records, that "no Heidelberg offset presses or related equipment as manufactured and sold incorporated asbestos or asbestos-containing components of any kind" including "the brake mechanisms" as identified by Mr. Desiena. *See* Notice of Motion, Affidavit of Shawn McDougall, dated March 18, 2020, p. 1-2. Mr. McDougall was not employed at Heidelberg during the period of Mr. Desiena's exposure alleged herein. However, Mr. McDougall alleges

**190459/2018 DESIENA, RAYMOND vs. AERCO INTERNATIONAL INC.**
**Motion No. 002**

**Page 3 of 6**

3 of 6

that he has personal knowledge based upon his deposition, at which he testified to his familiarity with Heidelberg printing presses manufactured from approximately the mid-1970s onwards. *See* Affirmation in Support of Plaintiff's Opposition to Defendant Heidelberg USA, Inc.'s Motion for Summary Judgment, Exh. 5, Deposition of Shawn McDougall, dated January 21, 2021, p. 51-55. Mr. McDougall stated in the affirmative that he does not possess personal knowledge regarding the machines Mr. Desiena may have been working with in the 1960s and early 1970s that would have been manufactured prior to the period of Mr. McDougall's familiarity with Heidelberg presses, other than the K-Line machines. Therefore, Mr. McDougall's opinion on the earlier printing presses at issue herein is primarily based upon company record information that defendant Heidelberg does not describe or include in the instant motion. *See id.* at p. 56, ln.15-57, ln. 9. The Court cannot evaluate any evidence that is not included, and a general denial without much more is insufficient to meet moving defendant's burden under *Dyer*.

In opposition, plaintiff highlights Mr. Desiena's clear and unequivocal testimony identifying Heidelberg printing presses at various worksites with numerous specifics. *See* Affirmation in Support of Plaintiff's Opposition, *supra*, Exh. 2, Deposition of Raymond Desiena, Volume III, dated February 28, 2019, p. 514, ln. 9-25. Defendant Heidelberg attempts to simplify Mr. Desiena's testimony as solely describing "dust" but Mr. Desiena clearly explained his extensive work experience, his familiarity with various printing press parts and the brands that manufactured them, where and why and how many times he encountered such parts while working specifically on Heidelberg presses, and why he believed that they contained asbestos. *See id.*, Deposition of Raymond Desiena, Volume VIII, dated April 4, 2019, p. 1109-1111.

Defendant Heidelberg replies, re-emphasizing Mr. McDougall's affidavit, which has been addressed above. *See* Defendant Heidelberg USA, Inc.'s Reply Memorandum of Law in Further

190459/2018   DESIENA, RAYMOND vs. AERCO INTERNATIONAL INC.
Motion No. 002

Page 4 of 6

Support of its Motion for Summary Judgment, p. 2. Mr. McDougall's testimony was far from definitive. He confirmed multiple times at deposition that he had no knowledge of machines from the 1960s, and stated in fact, that defendant Heidelberg's corporate policy for document retention would not stretch back into the period of Mr. Desiena's exposure. *See* Affirmation in Support of Plaintiff's Opposition, *supra,* Exh. 5, Deposition of Shawn McDougall, dated January 21, 2021, p. 41-44 (describing personal experience); 61 (describing document retention policy). Defendant's reply further highlights the testimony of Robert Petkash, corporate representative for co-defendant in the instant matter, identified by Mr. Desiena as a manufacturer of asbestos-containing printing press brakes. *See* Defendant Heidelberg USA, Inc.'s Reply Memorandum of Law in Further Support of its Motion for Summary Judgment, p. 5. However, Mr. Petkash established not only that some Airflex parts as identified by Mr. Desiena contained asbestos, but also that direct sales were not the only way those parts were distributed to companies such as defendant Heidelberg. *See* Affirmation in Support of Plaintiff's Opposition, *supra*, Exh. 3, Deposition of Robert Petkash, dated February 23, 2021, p. 46-48 ("[i[t's possible" that Airflex brakes were used as replacement parts on several printing presses, including Heidelberg); p. 56-58 (confirming asbestos in certain Airflex brakes and describing packaging).

Defendant Heidelberg fails to establish their *prima facie* case, and plaintiff further presents clear contradicting testimony.

Accordingly, it is

ORDERED that defendant Heidelberg's motion for summary judgment is denied in its entirety; and it is further

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this

**190459/2018 DESIENA, RAYMOND vs. AERCO INTERNATIONAL INC.**
**Motion No. 002**

**Page 5 of 6**

5 of 6

Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

**12/27/2023**
**DATE**

ADAM SILVERA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**190459/2018   DESIENA, RAYMOND vs. AERCO INTERNATIONAL INC.**
**Motion No.  002**

Page 6 of 6

6 of 6